IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.  8:13-cv-221-T-35EAJ |
| ) | |
| NATIONAL MARINE FISHERIES SERVICE, ) | |
| and PENNY SUE PRITZKER[1], ) | |
| Secretary of Commerce, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SETTLEMENT AGREEMENT

Plaintiff (Center for Biological Diversity) and Federal Defendants (National Marine Fisheries Service ("NMFS") and Penny Sue Pritzker, Secretary of Commerce, in her official capacity) by and through their undersigned counsel, hereby state and agree as follows:

WHEREAS on May 9, 2006, NMFS published a final rule listing the elkhorn and staghorn corals as threatened, pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a)(1),(2).  71 Fed. Reg. 26,852 (May 9, 2006).

WHEREAS on November 26, 2008, NMFS published a final rule designating critical habitat for elkhorn and staghorn corals, pursuant to the ESA, 16 U.S.C. § 1533(a)(3)(A).  73 Fed. Reg. 72,210 (Nov. 26, 2008).

WHEREAS on January 23, 2013, Plaintiff Center for Biological Diversity filed its Complaint initiating the above-captioned action.

WHEREAS Plaintiff alleges Defendants have violated their alleged duties to develop and

---

[1] In her official capacity, Penny Sue Pritzker, the Secretary of Commerce, is automatically substituted for her predecessor, Cameron Kerry, pursuant to Fed. R. Riv. P. 25(d)(1).

1

implement recovery plans for elkhorn and staghorn corals, or make a finding that such plans will not promote conservation of the species, pursuant to the ESA, 16 U.S.C. § 1533(f), and the APA, 5 U.S.C. § 706(1).

WHEREAS on December 7, 2012, NMFS published a proposed rule to list 66 coral species as threatened or endangered. 77 Fed. Reg. 73,220 (Dec. 7, 2012). The proposed rule includes a proposal for the up-listing of staghorn and elkhorn corals as endangered species. See Id.

WHEREAS NMFS anticipates taking final action on the proposed rule within a one-year period after publication of the proposed rule, pursuant to the ESA, 16 U.S.C. § 1533(b)(6)(A); however, NMFS may extend the one-year period for not more than six months for the purposes of soliciting additional data, as provided in 16 U.S.C. 1533(B)(6)(B)(i).

WHEREAS NMFS intends to continue to implement and fund interim recovery actions to benefit elkhorn and staghorn corals pending completion of the final recovery plan, subject to availability of funds and personnel resources, and in accordance with the Preliminary Recovery Strategy available at http://sero.nmfs.noaa.gov/pr/endangered%20species/Updated%20Recovery%20Outline.pdf.

WHEREAS subsequent to the filing of this action, the Plaintiff and Federal Defendants ("the Parties") have negotiated a settlement as to Plaintiff's claims in this action.

WHEREAS the Parties desire to compromise and settle Plaintiff's claims according to the terms set forth below, the Parties agree that the settlement is fair, adequate, equitable and in the public interest, and the Parties thus agree hereto to the entry of this Settlement Agreement:

1. Federal Defendants agree to publish in the Federal Register a notice of availability of a draft recovery plan for elkhorn and staghorn corals within six months after publication of a

final rule concerning the proposed up-listing of staghorn and elkhorn corals, which is anticipated in December 2013.  If, however, NMFS publishes a notice under 16 U.S.C. 1533(B)(6)(B)(i) extending its deadline for the final rule up to six months, thus requiring a final rule no later than June 7, 2014, then Federal Defendants agree to publish in the Federal Register a notice of availability of a draft recovery plan for elkhorn and staghorn corals within <u>three months</u> after publication of such final rule, or no later than September 7, 2014.

2. Federal Defendants agree to publish in the Federal Register a notice of availability of a final recovery plan for elkhorn and staghorn coral within <u>six months</u> after publication of a notice of availability of a draft recovery plan, as provided in Paragraph 1 above, and no later than March 7, 2015.

3. In the interim period until the final recovery plan issues, NMFS agrees to transmit reports to Plaintiff twice annually, in October and April, of activities conducted or funded by NMFS for elkhorn and staghorn corals conservation and recovery, and of any results of such activities.

4. The Parties agree that a filing with the Office of the Federal Register constitutes publication for purposes of this Settlement Agreement and in accordance with the Federal Register Act, 44 U.S.C. § 1507.

5. ATTORNEYS' FEES - Federal Defendants agree to pay, and Plaintiff agrees to accept, $8,635.50 in full and complete satisfaction of any and all claims pursuant to the Endangered Species Act, 16 U.S.C. § 1540 and/or any other statute and/or common law theory for attorney fees and costs incurred by Plaintiff in the above captioned lawsuit.

6. ELECTRONIC FUND TRANSFER - Federal Defendants' payment described in Paragraph 5 above will be made by electronic funds transfer to the Center for Biological

Diversity.

7.     ROUTING INFORMATION FOR ELECTRONIC FUND TRANSFER - Within ten (10) days of entry of an order approving this Agreement, Plaintiff will provide Federal Defendants with the following information necessary for Federal Defendants to process the payment described in Paragraph 5 above by electronic funds transfer:  the payee's name, the payee's address, the payee's bank account number, the account type, the name of the payee's bank, the bank routing transit number ("RTN"), and the payee's tax identification number.

8.     PROCESSING OF PAYMENT - Federal Defendants agree to submit all necessary paper work for the processing of the payment described in paragraph 5 above to the appropriate office(s) within ten (10) business days of receiving the information necessary for processing the electronic funds transfer described in Paragraph 7 above.

9.     RELEASE OF CLAIMS FOR FEES AND COSTS - Plaintiff agrees that receipt of the payment described in paragraph 5 above shall operate as a release of any and all claims for attorney fees and costs that Plaintiff may have against Federal Defendants under any authority with respect to this litigation through and including the date of dismissal.

10.    FUTURE FEE CLAIMS - By this Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates, in any future litigation, or continuation of the present action.  Further, this Agreement has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11.    MODIFICATION OF AGREEMENT - Either party may seek to modify the terms of this Agreement for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures

specified in Paragraph 12 below.

12. DISPUTE RESOLUTION - This Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by (i) written stipulation between the parties filed with and approved by the Court, or (ii) upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 and 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

13. ENFORCEMENT OF AGREEMENT - In the event that NMFS fails to meet the deadlines identified in paragraphs 1 and 2, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, subject to following the dispute resolution procedures described in Paragraph 12 above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

14. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Federal Defendants by the ESA, the APA, or general principles of administrative

law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

15. This Agreement is being entered into so as to avoid further litigation of the Plaintiff's pending lawsuit. Nothing in this Agreement shall be construed to constitute an admission of any issue of fact, law or liability by any of the parties. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims or defenses it may have.

16. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

17. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

18. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

19. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

20. Upon approval of this Agreement by the Court, Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. <u>See</u>

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

SETTLEMENT AGREEMENT APPROVED FOR FEDERAL DEFENDANTS:

        MICHAEL KENNETH
        Assistant United States Attorney
        Middle District of Florida
        400 North Tampa Street, Suite 3200
        Tampa, FL 33602
        Telephone: (813) 274-6000
        Facsimile: (813) 274-6198

        ROBERT DREHER
        Acting Assistant Attorney General
        Environment & Natural Resources Division

Dated September 13, 2013        /s/ Mark Arthur Brown
        MARK ARTHUR BROWN (FL Bar No. 0999504)
        Senior Trial Attorney
        mark.brown@usdoj.gov
        U.S. Department of Justice
        Environment and Natural Resources Division
        Wildlife and Marine Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7369
        Telephone: (202) 305-0204
        Facsimile: (202) 305-0275
        Counsel for Federal Defendants

        Of Counsel:

        Cheryl L. Scannell
        Attorney-Advisor
        National Oceanic and Atmospheric Administration
        Office of General Counsel, Southeast Section
        263 13th Avenue South, Suite 177
        St Petersburg, FL 33701
        Telephone: (727) 824-5365
        Facsimile: (727) 824-5376

SETTLEMENT AGREEMENT APPROVED FOR PLAINTIFFS:

Dated September 13, 2013         /s/Jaclyn Lopez_____
                                 JACLYN LOPEZ (FL Bar 96445)
                                 Center for Biological Diversity
                                 P.O. Box 2155
                                 St. Petersburg, FL 33731
                                 Tel: (727) 490-9190
                                 Fax: (415) 436-9683
                                 jlopez@biologicaldiversity.org

                                 MIYOKO SAKASHITA (*Pro hac vice*)
                                 Center for Biological Diversity
                                 351 California Street, Suite 600
                                 San Francisco, CA 94104
                                 Tel: (415) 436-9682
                                 Fax: (415) 436-9683
                                 miyoko@biologicaldiversity.org

                                 Counsel for Center for Biological Diversity

[Proposed] ORDER

Pursuant to Stipulation:

   IT IS SO ORDERED.

DATED: _____               _____
                                 United States District Judge